JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7025 PA (GJSx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | Serene Cottini-Guillot v. Baldwin Park Unified School District, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Plaintiff Serene Cottini-Guillot ("Plaintiff") has dismissed her claim brought under to 42 U.S.C. § 1983 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Plaintiff's § 1983 claim was the only basis for this Court's subject matter jurisdiction.  The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a).  Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies."  Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994).  The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, Plaintiff has dismissed the only claim over which the Court has original jurisdiction.  Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. § 1367(c)(3).  The Court further exercises its discretion to remand the action.  See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").  The Court remands this action to Los Angeles Superior Court, Case No. BC631047.  See 28 U.S.C. § 1447(c).  The further scheduling conference calendared for December 19, 2016, is vacated.

IT IS SO ORDERED.